## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CHARLES JOHNSON,

          Plaintiff,

CASE NO.:   23-CA-
**JURY TRIAL DEMANDED**
**CLASS ACTION ALLEGED**

v.

EXPERT, INC. d\b\a EXPERT SOLAR, GOODLEAP, LLC, EQUIFAX, INC., a Georgia Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation; and TRANS UNION, LLC, a Delaware Limited Liability Company.

          Defendants.
_____/

## COMPLAINT

Plaintiff, CHARLES JOHNSON (hereinafter "Plaintiff"), by and through the undersigned counsel, files this Complaint against EXPERT, INC. d\b\a EXPERT SOLAR,  GOODLEAP, LLC, EQUIFAX, INC., a  Georgia Corporation; EXPERIAN INFORMATION  SOLUTIONS, INC., an Ohio Corporation; and  TRANS UNION, LLC, a Delaware Limited Liability  Company,  and as grounds state:

### PARTIES

1. This is an action for damages that exceeds $50,000, exclusive of costs and attorney's fees.

2. Plaintiff are Hillsborough County, Florida, residents.

3. Defendant, EXPERT, INC. d\b\a EXPERT SOLAR ("EXPERT"), is a Florida for profit company that does business in this county by purportedly providing roofing and solar systems to residents of the state of Florida.

4. Defendant, GOODLEAP, LLC, is a California Company that transacts business nationally by providing home improvement loans to consumers in Florida.

5. Defendant, EQUIFAX INFORMATION SERVICES LLC, ("EQUIFAX") is a Georgia Limited Liability Company with its principal location in Atlanta, Georgia, that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.  Upon information and belief, Defendant is engaged in the business of reporting consumer debt information to creditors in the state of Florida and in the middle District of Florida.

6. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") is an Ohio Corporation with its principal location in Costa Mesa, California, that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.  Upon information and belief, Defendant is engaged in the business of reporting consumer debt information to creditors in the state of Florida and in the middle District of Florida.

7. Defendant, TRANS UNION LLC, ("TRANS UNION") is a Delaware Limited Liability Company with its principal office located in Chicago, Illinois, that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.  Upon information and belief, Defendant is engaged in the business of reporting consumer debt information to creditors in the state of Florida and in the middle District of Florida.

8. Defendant GOODLEAP LLC is the financing company for EXPERT. As it paid for the product and services sold by EXPERT, the FTC Holder Rule applies. *See 16 CFR § 433.2.*

9. Venue is proper as EXPERT is located in this county.

**PRELIMINARY STATEMENT**

10. Count I is an action for damages based on Plaintiff's claims under the Florida's Deceptive and Unfair Trade Practices Act, *Fla. Stat. 501.201*, et. seq. (FDUTPA).

11. Counts II and III are based on Plaintiff's allegations of Fraud in the Exection and pre-suit Recission.

12. Count IV is an alternative breach of contract claim.

13. Count V seeks to avoid fradulent transfers between the parties.

14. Count VI is a negligence claim. and IV are based on Plaintiff's claim under Fair Credit Reporting Act, 15 U.S.C § 1681, *et seq.* (FCRA).

15. Count VII - X are based on Plaintiff's claim under Fair Credit Reporting Act, 15 U.S.C § 1681, *et seq.* (FCRA).

16. Count XI are based on Plaintiff's claims under the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55, et seq. (FCCPA).

**JURISDICTION AND VENUE**

17. This Honorable Court has federal question jurisdiction over the FCRA causes of action because this cause of action arises out of violation of federal laws. *See 15 U.S.C. § 1681(p)*. This Court has jurisdiction over the FCCPA cause of action under its supplemental jurisdiction. *See 28 U.S.C. § 1367*.

18. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this district.

**GENERAL ALLEGATIONS**

19. Plaintiff is legally blind.

20. Despite his disability, Plaintiff first met with Defendant's EXPERT representatives regarding procuring solar services at his property at 4543 W. Knox St., Tampa, FL ("Subject Property").

21. In January of 2023, Defendant EXPERT presented Plaintiff with a purchase contract for a solar Solar System through its agent.

22. Prior to January of 2023, and upon information and belief, Plaintiff has yet to be presented with or sign an E-Sign Consent form. As a result, any applicable recision period has not been correctly given, and the contract is of no effect. Said agreement has been rescinded by Plaintiff.

23. During the sales presentation, he was told that the Solar System was designed to meet his needs.

24. Specifically, Plaintiff was told that the purchase of the system would eliminate his reliance on the electrical grid.

25. Specifically, Plaintiff was told that the purchase of this system would eliminate or significantly offset his electrical bills.

26. Plaintiff was told that the solar panel system would produce enough energy to wholly offset any electrical usage.

27. After objecting to the installation of the solar system, Plaintiff retained counsel.

28. Plaintiff, through counsel, had formally notified Expert Inc and Goodleap, LLC that the Plaintiff was represented by counsel and that Plaintiff sought to rescind the transaction on or about April. 10, 2023.

29. In response to this correspondance, Defendant GOODLEAP, on or about May 15, 2023, issued a refund check to the Plaintiff and refrenced "Refund for LN#2206126585 Cancellation 05/11." A true and correct copy of this check is attached as Exhibit 1.

30. Despite this clear loan cancellation and recission of the loan, the Defendant, GOODLEAP still attempts to collect amounts due and owing directly from the Plaintiff.

31. Now, for reasons unknown to Plaintiff, the Plaintiff's credit report reflects two Goodleap accounts - xx6585 and xx7558.

32. At no time did Plaintiff take out 2 loans. In fact, the only loan he had has been cancelled by Defendant, GOODLEAP.

33. Despite their cancellation, Defendant GOODLEAP still causes reporting on the Plaintiff's credit report.

34. All conditions precedent to this suit has been met or waived.

35. Plaintiff has engaged The Consumer Protection Attorney, PA, and has agreed that it is owed a reasonable fee for the work performed. Consistent with the agreement between the parties, as the prevailing party, Plaintiff may seek reimbursement of these amounts paid from Defendants.

## CLASS ALLEGATIONS
## [COUNTS I, VII - XI]

36. Plaintiffs bring this action on behalf of themselves and all others similarly situated ("the Class").

37. Plaintiffs represent and are a member of a number classes, including:

a. As to Count I, all consumers who have been approached by a representative of EXPERT INC or GOODLEAP who did receive a valid E-SIGN Consent prior to entering into a transaction with those parties.

b. As to Count XI, A Class consisting of all GOODLEAP customers, within the state of Florida, who, within the two years prior to the filing of this cause of action have had their loans cancelled but are still sent letters seeking to collect amounts due and owing on the cancelled loan.

c. As to Count XI, A Class consisting of all GOODLEAP customers, within the state of Florida, who, within the two years prior to the filing of this cause of action have given notice that they are represented by counsel but are still communicated directly with Goodleap.

d. As to Counts VII - X, A Class consisting of all GOODLEAP customers, within the state of Florida, who, within the 5 years prior to the filing of this cause of action have had their loans cancelled by Goodleap, but those loans are still being reported to Credit Reporting Agencies, such as Expieran, Equifax, and Transunion, as anything but closed.

   e. As to Counts VII - X, A Class consisting of all GOODLEAP customers, within the state of Florida, who, within the 5 years prior to the filing of this cause of action have had had multiple loans reported to their credit report when, in fact, only one loan had been acquired.

 38. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class but believes that the Class members number exceeds 100, if not more. Thus, this matter should be certified as a Class action for judicial economy and efficiency and to assist in the expeditions litigation of this matter.

 39. The acts of Defendants harmed plaintiffs and members of the class.

 40. This suit seeks compensatory damages, injunctive relief, as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery and to also seek punitive damages as to the Class.

 41. The joinder of Class members is impractical due to a large number of class members, and the disposition of their claims in the Class action will provide substantial benefits to both the parties and the Court. The Class can be identified through the Defendants' or Defendants' agents' records.

 42. There is a well-defined community of interest in the questions of law and facts involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members.

 43. As persons who, within the 2 - 5 years before the filing of this Complaint, each has been told their loans were cancelled but still received dunning notices, each has indicated that it was represented by counsel but was still communicated with, each has had errors in credit reporting despite only opening one loan or having same cancelled.

44. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

45. Plaintiff has retained counsel experienced in handling claims involving violations of the laws referenced herein and has a history in these types of claims.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to the laws referenced herein is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

**COUNT I - DECEPTIVE AND UNFAIR TRADE PRACTICES**
**[AS TO EXPERT AND GOODLEAP]**

47. Plaintiff reallege and incorporate allegations 1 - 46 as if fully set forth herein.

48. This is an action for damages and injunctive relief under the Florida Deceptive and Unfair Trade Practice Act (Fla. Stat. 501.201, et. seq.)

49. Defendants are businesses engaged in a trade or practice or commerce as defined under Fla. Stat. 501.203.

50. Plaintiff is a consumer as defined by that act.

51. Defendants offer and sell goods (in the form of roofing and solar panel materials and systems) and services (in the form of roofing services) to consumers by using unfair acts in furtherance of a trade or commerce, namely, the

representation to homeowners that damage exists on a roof without a thorough inspection of the roof and basing that finding on neighboring parcels.

52. Defendants offer and sell goods (in the form of roofing materials and solar panels) and services (in the form of roofing and solar Solar System services) to consumers by using deceptive acts in furtherance of a trade or commerce, namely, the false representation of the utility of solar Solar System, including that it would eliminate or virtually eliminate a utility bill, that a specific amount of generation of the Solar System could be achieved, that the agreements between the parties was valid and binding, despite not giving the proper disclosures under the E-Sign Act and Florida's Electronic Transaction Act (ETA), respectively (*See* 15 U.S.C. § 7001(c)(1)(a); *also* Fla. Stat. § 668.50), not allowing Plaintiff to read the contract in depth at the time of signing, not correctly installing the Solar System, not properly permitting the Solar System, not responding to customer inquiries in a timely manner, and installing solar panels without pulling the necessary permits.

53. As a result of these unfair and deceptive acts, Plaintiff was damaged.

WHEREFORE, Plaintiff requests actual damages, compensatory damages stemming from the misrepresentations, an injunction to enjoin the Defendants from advertising or procuring clients in this manner and using a deceptive sales pitch or from enforcing those agreements, emotional damages, attorney's fees, and costs, for interest (pre and post-judgment), and for any and all other relief this Court deems just and proper.

### COUNT II - FRAUD IN THE EXECUTION
### [AS TO EXPERT]

54. Plaintiff reallege and incorporate allegations 1 - 46 as if fully set forth herein.

55. Plaintiff was presented with an electronic document, which did not correctly afford Plaintiff time to review the contract in a manner that allowed them to form the intent to execute any agreement.

56. Plaintiff was told that the contract he was signing mirrored the sales pitch he was presented with.

57. This is patently false. In this cause of action, Plaintiff was told that the system he was building would meet his needs to eliminate electricity bills.

58. Plaintiff was never told that he "estimated" this data in his sales presentation.

59. The agreed upon "deal" and the written "deal" contains material changes, none of which was represented by the Defendants.

WHEREFORE, Plaintiff requests actual damages, an injunction to enjoin Defendant from advertising or procuring clients in this manner, emotional damages, attorney's fees and costs, for interest (pre and post-judgment), and for any and all other relief this Court deems just and proper.

## COUNT III - RESCISSION
## [AS TO EXPERT]

60. Plaintiff reallege and reincorporates allegations 1 - 46 as if fully set forth herein.

61. At the time of the transaction, the Defendants failed to give the necessary disclosures as required under The E-Sign Act (*See* 15 U.S.C. § 7001(c)(1)(a); *also* *Fla. Stat.* § 668.50) and the Truth and Lending Act (TILA), including, but not limited to failing to provide statutorily required disclosures of a three day cooling off period as the sale occurred at Plaintiff's home, by not providing the actual cost of financing on the transaction as would be required under a Mortgage, and by not providing the E-Sign Consent ahead of delivering items to Plaintiff electronically.

62. As a result of these failures, Plaintiff has been damaged, including actual damages and emotional damages arising from increased electrical bills that were to be eliminated.

63. As a result of these failures, Plaintiff has a 3-year right of rescission under 15 USC 1635(f). Plaintiff has tendered this notice to the Defendants named herein.

64. GOODLEAP, has partially rescinded their end of the transaction.

WHEREFORE, Plaintiff demands judicial enforcement of the right to rescind for actual damages, statutory damages, attorney's fees, and costs, and for any other relief this court deems just and proper.

### COUNT IV - BREACH OF CONTRACT
### [AS TO EXPERT]

65. Plaintiff reallege and reincorporates allegations 1 - 46 as if fully set forth herein.

66. If unsuccessful in Counts Plaintiff - III, Plaintiff will have been found to have a contract between Defendant, EXPERT, EXPERT, and GOODLEAP.

67. That contract is for a solar panel system that would eliminate any and all use of "on-grid" electricity or significantly minimize that use.

68. To date, this has not occurred.

69. As a result, the Defendants' have breached the agreement between the parties.

70. This breach has caused damages in excess of $50,000.00.

WHEREFORE, Plaintiff demands actual damages, interest (pre and post-judgment), attorney's fees and costs, and for any other relief this court deems just and proper.

### COUNT V - AVOIDING FRAUDULENT TRANSFERS

71. Plaintiff reallege and incorporate allegations 1 - 46 as if fully set forth herein.

72. This action is being brought under Fla. Stat. 726.110(a).

73. Upon information and belief, Defendants have a shared business relationship that allows them to shift assets in an effort to hinder or delay the ability for Plaintiff to recover damages.

74. As this suit requests damages from these entities, who may improperly transfer funds to avoid such collection, any monetary transfers, assignments of contracts, or use of funds obtained in furtherance of the behavior complained of herein must be avoided.

75. Absent avoidance of these transfers, Plaintiff is unable to perfect a judicial lien against these assets and obtain justice.

WHEREFORE, Plaintiff requests judgment in his favor that any transfer between EXPERT and GOODLEAP be avoided, for attorney's fees and costs and any and all other relief this Court deems just.

## COUNT VI - NEGLIGENCE

76. Plaintiff reallege and reincorporate allegations 1 - 46 as if fully set forth herein.

77. The defendant owed Plaintiff a duty to pull permits and have the solar system installed by a licensed professional.

78. This did not occur, and Plaintiff breached that duty.

79. Specifically, on in or around November of 2022, Plaintiff's property had its solar system installed, and the Defendant did not pull permits properly based on the plan to be submitted.

80. This breach caused Plaintiff damages; namely, it has a debt for work that was not done properly and gives Plaintiff no benefit.

81. As a result of this breach, Plaintiff rescinded the contract.

WHEREFORE, Plaintiff seeks judgment in his favor, for damages, for attorney's fees and court costs, for interest (pre-judgment and post-judgment), and for any other relief this court deems just.

## COUNT VII VIOLATION OF THE
## FAIR CREDIT REPORTING ACT  (As to EQUIFAX)

78. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 46 of this Complaint as though fully set forth herein.

79. EQUIFAX violated FCRA § 15 USC § 1681n and 15 U.S.C. § 1681o, by willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C § 1681(e)(b).

80. EQUIFAX's conduct was a direct and proximate cause, as well as substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above.

WHEREFORE Plaintiff, CHARLES JOHNSON, requests that this Court award the following relief in favor of Plaintiff against the Defendant, EQUIFAX:

    a. Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C § 1681o;

    b. Reasonable attorney's fees and the costs of this action; and

    c. Such other and further relief as this Court may deem just and proper.

## COUNT VIII VIOLATION OF THE FAIR CREDIT REPORTING ACT (As to EXPERIAN)

81. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 46 of this Complaint as though fully set forth herein.

82. EXPERIAN violated FCRA § 15 USC § 1681n and 15 U.S.C. § 1681o, by willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C § 1681(e)(b).

83. EXPERIAN's conduct was a direct and proximate cause, as well as substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above.

WHEREFORE Plaintiff, CHARLES JOHNSON, requests that this Court award the following relief in favor of Plaintiff against the Defendant, EXPERIAN:

    a. Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C § 1681o;

    b. Reasonable attorney's fees and the costs of this action; and

    c. Such other and further relief as this Court may deem just and proper.

## COUNT IX VIOLATION OF THE FAIR CREDIT REPORTING ACT (As to TRANS UNION)

84. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 46 of this Complaint as though fully set forth herein.

85. TRANS UNION violated FCRA § 15 USC § 1681n and 15 U.S.C. § 1681o, by willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C § 1681(e)(b).

86. TRANS UNION's conduct was a direct and proximate cause, as well as substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above.

WHEREFORE Plaintiff, CHARLES JOHNSON, requests that this Court award the following relief in favor of Plaintiff against the Defendant, TRANS UNION:

a. Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C § 1681o;

b. Reasonable attorney's fees and the costs of this action; and

c. Such other and further relief as this Court may deem just and proper.

### COUNT X VIOLATION OF THE FAIR CREDIT REPORTING ACT (As to Defendant, GOODLEAP)

87. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 46 of this Complaint as though fully set forth herein.

88. GOODLEAP violated FCRA § 15 USC § 1681n and 15 U.S.C. § 1681o, by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

89. Defendant GOODLEAP'S conduct was a direct and proximate cause, as well as substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above.

WHEREFORE Plaintiff, CHARLES JOHNSON, requests that this Court award the following relief in favor of Plaintiff against the Defendant, GOODLEAP:

a. Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C § 1681o;

b. Reasonable attorney's fees and the costs of this action; and

   c. Such other and further relief as this Court may deem just and proper.

## COUNT XI VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES (As to Defendant, GOODLEAP)

90. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 46 of this Complaint as though fully set forth herein.

91. Defendant, GOODLEAP violated FCCPA § 559.72(6) by disclosing information concerning the existence of a debt when the debt was disputed without disclosing the dispute.

92. Defendant, GOODLEAP violated FCCPA § 559.72(6) by disclosing ina information concerning the existence of a debt when the debt was disputed.

93. Defendant, GOODLEAP violated FCCPA § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate by virtue of the debt's cancellation.

94. Defendant, GOODLEAP violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt when Defendant knew the debt did not exist.

95. Defendant, GOODLEAP violated FCCPA § 559.72(18) by communicating with a debtor when Defendant, GOODLEAP, had actual knowledge that Plaintiff was represented by counsel.

 WHEREFORE, Plaintiff, CHARLES JOHNSON, requests that this Court award the following relief in favor of Plaintiff against the Defendant, GOODLEAP:

   a. Actual damages as allowed under Fla. Stat. § 559.77(2);

   b. The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2);

   b. Reasonable attorney's fees and the costs of this action; and

   c. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL
Plaintiff demand a jury trial for all issues so triable.

Respectfully submitted,

THE CONSUMER PROTECTION ATTORNEY, PA
Attorneys for Plaintiff.
301 W. Platt St., #216.
Tampa, FL 33606
Phone: 813.252.0239
Email: bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com


By:     /s/ Bryant H. Dunivan Jr.
         Bryant H. Dunivan Jr., Esq.
         Fla. Bar No.: 102594
         MI P. No.: 85206