UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES JOHNSON,

    Plaintiff,

v.                                           Case No: 8:23-cv-2980-CEH-CPT

EXPERT, INC. and GOODLEAP, LLC,

    Defendants.
_____

## ORDER

This matter comes before the Court on Plaintiff Charles Johnson's Response (Doc. 48) to the Court's Order to Show Cause dated June 6, 2024 (Doc. 47). Defendant Expert, Inc., has also responded to the Court's Order (Doc. 49). The Order directed Plaintiff to show cause as to why the Court should not stay his nonarbitrable state law claims against Expert because of their relationship to his arbitrable claims against Defendant GoodLeap, LLC.

Upon review and full consideration, the Court will exercise its discretion to stay the claims against Expert, Inc.

### BACKGROUND

Plaintiff Charles Johnson signed a purchase contract with Expert to install solar panels on his home, as well as a loan agreement with GoodLeap for the financing. Doc. 1. He alleges that he was fraudulently induced to enter into the transaction by Expert's misrepresentation that the panels would eliminate his electric bill. *Id.* ¶¶ 23-

26. He also alleges that Defendants failed to make necessary disclosures for his electronic signatures. *Id.* ¶ 22. As a result of these alleged defects, he asserts that the contracts were rescinded or are otherwise invalid or unenforceable. *Id.*

Plaintiff filed suit against Expert, GoodLeap, and credit reporting agencies who are no longer part of this action. He explains that he is relying on the FTC Holder Rule with respect to GoodLeap's liability. *Id.* ¶ 8; *see* 16 C.F.R. § 433.2. In addition to the credit reporting counts, the Complaint contains the following causes of action:

  I. Florida Deceptive and Unfair Trade Practices Act violation against Expert and GoodLeap for, *inter alia*, false representations related to the panels and electronic signatures.

  II. Fraud in the execution against Expert for misrepresenting that the contract mirrored the sales pitch.[1]

  III. Rescission against Expert for failing to make disclosures about electronic signatures.

  IV. Breach of contract against Expert for failing to deliver a solar system that eliminated Plaintiff's electric bill.

  V. Avoiding fraudulent transfers against Expert and GoodLeap, to prevent the two Defendants from transferring funds between them to avoid a judgment.

  VI. Negligence for failing to properly pull permits for the solar system installation.

*Id.* ¶¶ 48-81.[2]

---

[1] The Court previously found that the cause of action Plaintiff is actually asserting in this count is fraud in the inducement, not fraud in the execution. Doc. 41 at 8-9.
[2] Although Counts II, III, and IV refer to unidentified "Defendants," the count headings specify that those counts are alleged only against Expert. It is unclear whether Count VI is asserted against Expert or GoodLeap.

GoodLeap moved to compel arbitration of the claims against it, relying on an arbitration clause in the loan agreement. Doc. 30.  Plaintiff argued that the rescission of the contracts, the fraudulent misrepresentations, and the lack of electronic signature disclosures rendered all aspects of the parties' agreements, including the arbitration agreement, invalid and unenforceable. Doc. 36.  The Court granted GoodLeap's motion and stayed the claims against it pending arbitration. Doc. 41.  Observing that Plaintiff did not challenge the arbitration agreement itself, the Court found that the arbitrator must resolve Plaintiff's arguments about the validity of the transaction. *Id.* at 7-10.

The Court then issued an Order to Show Cause that invited Plaintiff and Expert to address whether Plaintiff's nonarbitrable claims against Expert should also be stayed during the arbitration with GoodLeap. Doc. 47.  Plaintiff opposes a stay, arguing that there is a heavy presumption against staying nonarbitrable claims, and most of the counts are premised on the failures of Expert alone. Doc. 48.  Expert, for its part, supports a stay, contending that some of the nonarbitrable claims against it are parallel to or intertwined with the arbitrable claims against GoodLeap. Doc. 49.  Expert argues that the claims against it arise out of the same set of facts, and there is a risk of inconsistent determinations if the two proceedings go forward simultaneously. *Id.*

## DISCUSSION

District courts have discretion to stay nonarbitrable claims while the arbitration of arbitrable claims is occurring. *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) (citations omitted).  Although there is a "heavy presumption" in favor of

proceeding with nonarbitrable claims if feasible, the court must consider "whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Id.*

In determining whether to proceed with nonarbitrable claims, courts favor stays where the claims are based on the same factual allegations as the arbitrable claims, and where concurrent proceedings would "give rise to the possibility of inconsistent results." *Variable Annuity Life Ins. Co. v. Laferrera*, 680 F. App'x 880, 884-85 (11th Cir. 2017). In *Variable Annuity*, the Eleventh Circuit emphasized those factors when it found that the district court abused its discretion in refusing to grant a stay where the liability of the nonarbitrable defendant was "predicated on [the arbitrable defendant's] misconduct." *Id.* at 884. Likewise, in *It Works Mktg., Inc. v. Melaleuca, Inc.*, No. 8:20-cv-1743, 2021 WL 1650266, *8 (M.D. Fla. Apr. 27, 2021), another court in this District granted a stay of nonarbitrable claims where the facts supporting both categories of claims were "very much intertwined" and "[a] decision in one proceeding might affect the other." *See also Supercooler Techs., Inc. v. Coca-Cola Co.*, No. 6:23-cv-187, 2023 WL 7410993, *7–8 (M.D. Fla. Oct. 27, 2023) (same, where "every arbitrable claim is based on the same factual allegations as every nonarbitrable claim," which "provide[s] strong evidence that the arbitrable claims predominate over the nonarbitrable claims, and it "would be impossible" for the court to rule on the nonarbitrable claims without the risk of "inconsistent rulings about the formation and validity of the contracts at issue."); *E. Cornell Malone Corp. v. Liberty Mut. Ins. Co.*, No. 5:21-cv-207, 2022 WL 3703186, *2 (N.D. Fla. May 6, 2022) ("Given the overlap of both facts and legal issues,

4

refusing to stay these proceedings would create duplicative proceedings."); *Ullrich v. Ullrich*, No. 3:21-cv-147, 2021 WL 6884736, *22 (M.D. Fla. Sept. 3, 2021) (staying nonarbitrable claims pending the outcome of a foreign arbitration where the issues were "closely related and necessarily intertwined").

Here, too, the factual allegations of the arbitrable and nonarbitrable claims are closely intertwined, and there is a significant risk of inconsistent outcomes if the nonarbitrable claims against Expert proceed while the arbitrator determines the claims against GoodLeap—particularly the threshold question of arbitrability. The arbitrator must first resolve Plaintiff's argument that the entire transaction, including the arbitration agreement, is invalid or unenforceable because of the alleged misrepresentations or lack of electronic signature disclosures. *See* Doc. 41 at 7-10. But these same allegations underlie Plaintiff's claims against Expert in Counts I, II, III, and IV. As in *Supercooler*, 2023 WL 7410993 at *8, concurrent proceedings would create the risk of inconsistent rulings about the formation and validity of the contracts. This Court therefore agrees with the court's determination in *Anderson v. Goodleap, LLC*, No. 8:23-cv-02366, 2024 WL 1095934, *1 (M.D. Fla. Mar. 13, 2024), evaluating similar claims against GoodLeap and a solar system company, that the arbitrable and nonarbitrable claims are parallel, sharing underlying facts and legal issues, such that "proceeding concurrently with litigation and arbitration could result in inconsistent determinations."

Moreover, to the extent that GoodLeap's liability is predicated upon Expert's alleged failures, this factor weighs heavily in favor of a stay. *See Variable Annuity*, 680

F. App'x at 884. Plaintiff cites the FTC Holder Rule, 16 C.F.R. § 433.2, to assert that Goodleap, as Expert's financing company, is liable for Expert's alleged fraud. Doc. 48 at 2-3; Doc. 1 ¶ 8. Although the Complaint is not a model of clarity, Plaintiff appears to be asserting shared liability pursuant to the Holder Rule for at least Count I. *See id.* ¶¶ 51-52. To the extent Plaintiff argues that GoodLeap is subject to liability for Expert's conduct, then, the arbitrable claims are directly tied to the nonarbitrable claims.

The arbitrable claims in this action predominate over the nonarbitrable claims. The Court will therefore exercise its discretion to stay Plaintiff's claims against Expert pending the outcome of the arbitration with GoodLeap.

Accordingly, it is **ORDERED**:

1. Plaintiff's claims against Defendant Expert, Inc., are STAYED pending the arbitration between Plaintiff and GoodLeap, LLC.

2. The parties may file a motion to lift the stay, if necessary, once the arbitration proceedings have concluded.

3. The Clerk is directed to administratively close this action.

**DONE** and **ORDERED** in Tampa, Florida on August 5, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties